**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0068n.06**
**Filed: January 29, 2009**

**No. 07-3205**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL A. JONES, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GUY, CLAY and COOK, Circuit Judges.

COOK, Circuit Judge. Michael Jones contends that he was deprived of his Sixth Amendment right to effective assistance of counsel because his counsel did not file a motion for a downward departure before the court sentenced Jones for firearm and controlled-substance offenses. We affirm his sentence.

I.

Michael Jones pleaded guilty to illegally possessing a firearm, 18 U.S.C. § 922(g)(1), and possessing, with intent to distribute, more than five grams of cocaine base, 21 U.S.C. § 841(b)(1). After receiving credit for acceptance of responsibility, Jones had a total offense level of 31 and a

criminal-history category of VI. The district court sentenced Jones to 204 months, within the 188-to-234-month Guidelines range.

Jones's appeal relies on the fact that when the district court issued a pretrial order directing counsel to identify potential grounds for departure or variance before the sentencing date, his counsel did nothing. Jones presses that his counsel's performance was constitutionally ineffective because his counsel should have sought a departure based on the small quantities of drugs and lack of violence involved in Jones's prior convictions. Jones is now 25, but since age 11 he has been in constant trouble with the law; all of his offenses relate to drugs and firearms.

## II.

To establish ineffective assistance, Jones must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Jones cannot satisfy either prong of the *Strickland* analysis.

Jones's counsel did not make "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Rather, Jones's counsel secured Jones a significant benefit; he argued for and received a third interview with the probation officer, leading to a three-level reduction for acceptance of responsibility. And we cannot conclude that the failure to file a written request for a departure was outside the "range of competence demanded of attorneys in criminal cases." *Id.* In fact, given Jones's massive criminal-history point total—the

largest the judge had ever seen—his counsel might have reasonably concluded that an argument that each prior conviction involved a small quantity of drugs would not be well received.

Jones cannot prevail on the prejudice prong of *Strickland*, even if we labeled his counsel ineffective. Under *Strickland*, prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. But Jones offers no reason to believe that the district court would have sentenced him differently had counsel sought a departure. The record reveals a judge who felt that Jones's criminal history required a severe sentence. The judge reviewed Jones's record in light of the 18 U.S.C. § 3553 factors and deliberately imposed a middle-of-the-range sentence. The judge declined to sentence Jones at the bottom of the range "based on [his] conduct." Significantly, we note that even without classifying Jones as a career offender, the judge could have imposed the same 204-month sentence because of his criminal-history points. Under these circumstances, no reasonable probability exists that, but for his counsel's alleged deficiency, Jones would have received a different sentence.

III.

We affirm Jones's sentence.